CYRILLE DUFFNEY *vs.* THOMAS H. CLARKE, Town Treas.

JANUARY 24, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(*1*) *Municipal Corporations. Contributory Negligence. Injury on Highway.*

In an action against a town for failure to keep a public highway safe and convenient for travellers, the question of contributory negligence was properly left to the jury.

(*2*) *Municipal Corporations. Negligence. Proximate Cause.*

Where plaintiff was injured through coming into contact with the handle of a gasoline pump, which was placed in the sidewalk under the direction of a town official, and it appeared that the town had notice of the practice of the owner of the pump to leave the handle on the pump where it projected over the sidewalk, in an action against the town for personal injury through coming into contact with the handle after dark:—

*Held*, that the proximate cause was not the temporary failure of the owner to remove the handle but was that of the town after notice to take appropriate action, thereby in effect permitting a dangerous obstruction to travel to remain on the sidewalk.

(*3*)  *Municipal Corporations.  State Highways.  Local Highways.*

By resolution of the Legislature, a local highway, between fixed boundaries was made a part of the State highway system.  At two places in the town, this local highway crossed two State roads, whereby for short distances the local highway and the two State roads coincided.  These two junction portions were constructed and maintained by the State.

*Held*, that the maintenance of such portions by the State had reference to their connection with the State highways and not to the local highway.

*Held*, further, that although cap. 1904, pub. laws, 1920, made an annual appropriation to be paid to towns for the maintenance of local highways which have been adopted as a part of the State highway system but not constructed, such participation by the State did not thereby make such highways State roads for the maintenance of which the State was responsible.

TRESPASS ON THE CASE against a town.  Heard on exceptions of defendant and overruled.

STEARNS, J.  The action, trespass on the case for negligence, is brought against the town of West Warwick for its failure to keep a certain public highway safe and convenient for travelers.  After a jury trial, which resulted in a verdict for the plaintiff, the case is now in this court on defendant's bill of exceptions.

One Sternbach was given permission by the town council to place a gasoline tank and pump connected therewith, in and on the sidewalk, on Main street in the village of Phenix. The tank and pump were placed in the sidewalk under the direction of the town official in charge of the town highways. The sidewalk was six feet wide.  The pump, which was eighteen inches in diameter, was placed in position twelve inches inside from the curb.  The handle of the pump when attached to the pump extended eight and three-eighths inches beyond the side of the pump over the sidewalk. This handle could be detached when the pump was not in use, but the evidence is that it was the usual practice to leave the handle on the pump all of the time.  The town had constructive notice of this practice and the evidence is sufficient to establish actual notice.

Plaintiff while walking on the sidewalk, in the early evening of January 17, 1921, came into collision with the projecting handle of the gasoline pump and as a result fell to the ground and suffered serious injury. It was dark at the time of the accident and this particular locality was unlighted.

At the conclusion of the testimony, defendant requested the court to direct a verdict in its favor. The principal exception now urged by defendant is to the refusal to direct a verdict as requested.

(1) The question of contributory negligence was properly submitted to the jury. Defendant claims that the town, even if guilty of negligence, is not liable; that the proximate cause of the accident was the negligence of Sternbach in leaving the handle on the pump, and seeks to support this contention on the authority of *Mahogany* v. *Ward*, 16 R. I. 479, to the effect that the negligence of a responsible agent, intervening between the defendant's negligence and the injury suffered, breaks the causal connection between the two. But this principle is not applicable to the facts of the case at bar. The negligence alleged in this case is not the temporary failure of Sternbach to remove the handle of the pump, but the gist of the action is that the town, after notice that the handle was usually left attached to the pump, by its (2) failure to take appropriate action thereby in effect permitted this dangerous obstruction to travel to remain on the sidewalk. This was negligence for which the town is responsible.

Defendant also claims that Main street in Phenix is a State highway and hence that the town is not responsible for its maintenance. At two places in West Warwick, in another part of the town, Main street crosses two highways constructed and maintained by the State. One of these State roads runs through Natick, Quidneck and Coventry to the State line; the other is a State road which runs through the village of Apponaug and Centreville and joins the other State road above-mentioned at Quidneck.

(3)    In April, 1916, the legislature passed a resolution whereby Main street from the boundary line between Coventry and West Warwick to the Coweset Road in Crompton was made a part of the State highway system. For short distances in two different places, Main street and the two State roads above referred to coincide. From the fact that these two junction portions of the highways which are parts of each of the different highways have been constructed and maintained by the State, it is claimed that the State has constructed a portion of Main street and that as a consequence the whole length of Main street is thereby made a State road. There is nothing in the statute, however, to warrant such a conclusion. Although a portion of the land on which Main street runs has been maintained by the State, it is clear that the maintenance of such portions by the State had reference to their connection with the State highways above-mentioned and not to Main street.

Our attention is also called to Chapter 1904, Public Laws, 1920, whereby provision is made for an annual appropriation by the State to be paid to the several towns for the maintenance and repair of local highways in the respective towns which have been adopted as a part of the State highway system, but not constructed by the State. The act provides that the money thus paid to the towns shall be used for the maintenance and repair of said highways under the direction of the town councils, etc. The object of the act is to assist the towns. But such participation by the State in the expense of maintaining such highways does not thereby make such highways State roads for the maintenance of which the State is responsible.

Our conclusion is that Main street is a town highway and not a State highway.

All of defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict.

*William R. Champlin,* for plaintiff.
*Alberic A. Archambault,* for defendant.